Scarborough, Appellant. v. Steinfield.

Argued March 14, 1933.

Before Trexler, P. J., Keller, Cunningham, Baldrige, Stadtfeld, Parker and James, JJ.

*Nathan Lavine*, and with him *Samuel W. Salus, Herbert W. Salus* and *Arthur S. Salus*, for appellant.

*Louis Wagner*, and with him *Richard A. Smith* and *Thomas J. Clary*, for appellee.

Opinion by Keller, J., April 17, 1933:

The claimant, on September 21, 1928, while in the course of his employment with Steinfield, the defendant, was struck on the head by a large block of stone,

which resulted in a paralysis totally disabling him. An open agreement for compensation was made with him, under which he received compensation for total disability from September 28, 1928 until September 26, 1931, when the defendant and insurance carrier filed a petition with the board asking that the agreement be terminated on the ground that the claimant's disability is not the result of traumatism nor of the accident of September 21, 1928.

The referee, to whom the matter was referred found that the claimant has a functional paralysis and that his condition is a direct result of his accident and that he is still totally disabled, and dismissed the petition. On appeal, the board set aside the findings and order of the referee and substituted its finding that syphilis and not traumatism was the cause of the functional paralysis. On appeal to the court of common pleas the order of the board was sustained. Our duty is to decide whether there is any evidence to support the finding of the board. If there is we must affirm the order. If not, it should be reversed and the compensation agreement be reinstated, and the case restored to its status when the petition to terminate was filed.

The only testimony adduced in support of the petition to terminate was that of Dr. A. M. Ornsteen, an expert and qualified physician. He testified that the claimant is suffering from syphilis; that syphilis is a cause of *organic* paralysis; that the claimant's dizziness and mental dullness were attributable to his syphilis. He testified, however, that the claimant did not have *organic* paralysis, but *functional* paralysis. The distinction between the two, expressed in common speech, seems to be that in functional paralysis the muscles and tissues of the parts of the body which the claimant cannot use are not really affected; there is no wasting away, no atrophy of these parts, such as is present in organic paralysis; but due to some mental

disturbance the brain cannot direct or order their movement, and the claimant, in consequence, cannot use them. The paralysis is not shammed or feigned. It is a very real one, but it is the result of a mental disturbance, which, until it is cleared up will not permit the functioning of those parts of the body, and thus causes what is called a 'functional paralysis'. This mental disturbance followed the accident immediately and was directly traceable to the injury resulting from it.

Had Dr. Ornsteen testified that the mental disturbance which now causes this functional paralysis was occasioned by or due to the syphilis from which the claimant is suffering, we would affirm the order. But he did not; and counsel, whether intentionally or not, never asked him that question. He (Dr. Ornsteen) said that syphilis was a cause of organic paralysis, but as everybody agreed that the claimant's paralysis is not organic but functional, that does not help the defendant. Dr. Ornsteen's evidence is clear, that while syphilis is one cause of organic paralysis, as the claimant does not have organic paralysis, the syphilis is not the direct cause of the claimant's paralysis which is only functional.

Dr. Ornsteen also testified that his syphilis was the cause of claimant's dizziness and mental dullness; but he did not testify that the mental dullness resulting from the syphilis was the mental disturbance which caused the functional paralysis; on the contrary he was careful to distinguish between them.

We have then no evidence whatever in the case that the mental disturbance which immediately followed and resulted from the accident and its consequent injury and caused the functional paralysis which disables claimant is caused by or attributable to the syphilis from which the claimant is suffering.

The claimant does have syphilis, which might have

brought about—but did not—*organic* paralysis, and which has resulted in some mental dullness and dizziness on his part, but which so far as the evidence goes, is not the cause of the mental disturbance which occasioned and still produces the functional paralysis which disables him.

If Dr. Ornsteen can definitely testify that the mental disturbance which causes the functional paralysis from which claimant is now suffering is due to syphilis, he may be given that opportunity on a new petition to terminate. He has not done so as yet, and on the record before us there is no evidence whatever to sustain the action of the board.

The order is reversed and the compensation agreement reinstated at the costs of the appellees.